# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
### EASTERN DIVISION

**STAR LOCK SYSTEMS, INC.**

      **Plaintiff,**                  **Case No. 2:07-cv-797**
                                          **JUDGE GREGORY L. FROST**
    **v.**                            **Magistrate Judge Terence P. Kemp**

**TRITEQ LOCK AND SECURITY, L.L.C.,**

      **Defendant.**

## OPINION AND ORDER

This matter is before the Court for consideration of Defendant's motion to stay execution of judgment (Doc. # 96), Plaintiff's memorandum in opposition (Doc. # 99), and Defendant's reply memorandum (Doc. # 100). For the reasons that follow, this Court finds the motion well taken.

On August 13, 2009, the Court entered a Final Judgment against Defendant and in favor of Plaintiff. (Doc. # 94.) That judgment provided that Plaintiff is entitled to $301,776.34 from the Escrow Account, that Defendant shall pay Plaintiff $10,494.00 withheld from 2008 escrow account deposits, that Defendant shall pay Plaintiff $66,272.13 in prejudgment interest, that Defendant shall pay Plaintiff 7.75% interest from July 16, 2009, until full payment is made, and that Defendant's counsel shall pay Plaintiff $7,910.38 from counsels' escrow account. (*Id.* at 1-2.) Defendant has filed an appeal (Doc. # 98) and seeks to stay execution of the foregoing judgment without being required to post a bond or any security.

Defendant's request invokes Federal Rule of Civil Procedure 62, which provides that "[i]f an appeal is taken, the appellant may obtain a stay by supersedeas bond" subject to two exemptions that are inapplicable here. Fed. R. Civ. P. 62(d). The rule also provides that "[t]he

bond may be given upon or after filing the notice of appeal or after obtaining the order allowing the appeal. The stay takes effect when the court approves the bond." *Id.*

The Sixth Circuit has explained that requiring the posting of a bond where " 'the defendant's ability to pay the judgment is so plain that the cost of the bond would be a waste of money.' " *Arban v. West Publ'g Corp.*, 345 F.3d 390, 409 (6th Cir. 2003) (quoting *Olympia Equip. Leasing Co. v. Western Union Tel. Co.*, 786 F.2d 794, 796 (7th Cir. 1986)). This is not to say, however, that the requirement of posting a bond is easily avoided. Rather, "numerous district courts . . . have held that a full supersedeas bond should almost always be required and should only be excused where the appellant has demonstrated the existence of extraordinary circumstances." *Verhoff v. Time Warner Cable, Inc.*, No. 3:05CV7277, 2007 WL 4303743, at *2 (N.D. Ohio Dec. 10, 2007) (internal quotation marks omitted).

Defendant argues that a bond is unnecessary because a majority of the money due Plaintiff–just under $300,000.00–is currently held in the Escrow Account at the heart of this litigation. Plaintiff opposes dispensing with the bond requirement and asks that this Court either require the posting of a supersedeas bond in the full amount of the judgment or, alternatively, a bond in the amount of at least $113,067.56, which Plaintiff explains is that portion of the judgment unsecured by the escrow account funds, calculated by estimating the likely duration of the appeal. Although opposing a bond in any amount, Defendant then asks in its reply memorandum for a bond-free stay of thirty days should the Court require a $113,067.56 bond, purportedly to enable Defendant to obtain such a bond.

This Court agrees with Plaintiff that a bond is necessary to protect the judgment entered. Defendant, unlike defendants in cases such as *Arban*, has not demonstrated a similarly vast

disparity between the amount of the judgment and Defendant's plain ability to pay that judgment so that this Court could say that a bond is a waste of money. *See Arban*, 345 F.3d at 400, 409 (recognizing defendant's revenues of approximately $2.5 billion against a judgment of approximately $119,000.00, not including interest, attorney's fees, and costs). The Court in its discretion concludes that a bond is necessary, which means that the extant issue is what constitutes a reasonable and prudent bond amount.

Despite Plaintiff's conjecture that Defendant will likely disrupt Plaintiff's post-appeal collection of the escrow funds, the Court declines to order a bond in the full amount of the judgment. Much of the judgment is protected by the escrow funds, which Plaintiff can undoubtedly obtain following the appeal, even if the path toward ultimately securing those funds could prove unnecessarily complicated. Possible inconvenience brought on by Defendant's future bad behavior does not necessitate placing an undue financial burden on Defendant in the present.

This Court is keenly aware of Defendant's notable propensity–demonstrated again and again–to avoid meeting in a timely manner its financial obligations to Plaintiff. There is also the possibility that between now and the conclusion of the appeal, Defendant's financial situation will worsen, placing at risk or altogether negating Defendant's ability to satisfy the full amount of the judgment. Therefore, requiring a bond in the amount of $113,067.56 should provide full protection to Plaintiff, the prevailing party in this litigation, while avoiding any "penalty" to Defendant for pursuing its right to appeal that an additional $300,000.00 bond amount could impose. There is no evidence before this Court that a $113,067.56 bond would pose an undue financial burden on Defendant. But absent such a bond, there is the risk that at least a portion of

Plaintiff's interests may be irreparably harmed. This supersedeas bond would protect Plaintiff from the risk of any part of its award being uncollectible. *See Verhoff*, 2007 WL 4303743, at *3.

For the foregoing reasons, the Court **GRANTS** that part of Defendant's motion seeking to stay execution of the judgment, but **DENIES** that part of the motion seeking to dispense with the posting of a bond. (Doc. # 96.) Defendant is entitled to a stay of execution of the judgment upon the posting of a supersedeas bond in the amount of $113,067.56 to secure the stay. The Court in its discretion declines Defendant's contingent request to issue a temporary stay to provide Defendant with thirty days to obtain the bond.

**IT IS SO ORDERED.**

 /s/ Gregory L. Frost                             
GREGORY L. FROST
UNITED STATES DISTRICT JUDGE